UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLIFTON CRAWFORD,

              Plaintiff,

-against-

ANNA ICCARI, Offender Rehabilitation Coordinator; EDWARD BURNETT, Superintendent; CHRISTINE STORY, Offender Rehabilitation Coordinator,

              Defendants.

1:22-CV-1469 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in the Fishkill Correctional Facility ("Fishkill"), filed this *pro se* action seeking damages and alleging that the defendants have violated his federal constitutional rights. Plaintiff sues: (1) Anna Iccari, an Offender Rehabilitation Coordinator at Fishkill; (2) Edward Burnett, the Fishkill Superintendent; and (3) Christine Story, another Offender Rehabilitation Coordinator at Fishkill. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

      By order dated February 28, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons discussed below, the Court dismisses this action, but grants Plaintiff leave to replead his claims under Section 1983 against Defendants Iccari and Story arising from Plaintiff's allegations that those defendants tampered with his mail.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following with respect to events that occurred at Fishkill between March 19, 2021, and January 2022: Plaintiff's conditional-release date was March 19, 2021. Defendant Iccari, a Fishkill Offender Rehabilitation Coordinator, however, ensured that Plaintiff did not get released on that date. Iccari destroyed letters sent to her by Plaintiff's family members that advocated for Plaintiff to receive an "in[t]erstate transfer to North Carolina." (ECF 2, at 4.) Iccari also imposed the following "unwritten policy": "'[N]o sex offender would be release[d] before going through the residential treatment program.'"[2] (*Id.*) Iccari placed Plaintiff into the residential treatment program from March 29, 2021, to September 19, 2021. Plaintiff's participation in that program had the effect of preventing him from receiving the "interstate transfer."

Plaintiff asserts that Section 70.45(3) of the New York Penal Law "authorizes the Board of Parole to impose as a condition of post-release supervision that for a period not exceeding six months immediately following release from the underlying term of imprisonment the person be transferred to and participate in the program of a residential treatment facility." (*Id.*) Under that law, Plaintiff argues, Iccari "was not authorize[d] to place [him] []in a residential treatment program." (*Id.*)

Plaintiff further alleges that Defendant Burnett, the Fishkill Superintendent, violated Plaintiff's constitutional rights "by not investigating a complaint that [Plaintiff] wrote . . . to

---

[2] Plaintiff does not specify whether New York State has designated him as a sex offender.

3

him" regarding, among other matters: (1) interference by Defendants Iccari and Story (both Fishkill Offender Rehabilitation Coordinators) with mail sent to Plaintiff by his family, and (2) their violation of a New York State Department of Corrections and Community Supervision ("DOCCS") directive. (*Id.* at 5-6.) Burnett's failure to investigate has allowed Iccari and Story "to impose a[n] unwritten policy to deny [Plaintiff his] rights." (*Id.* at 6.) Plaintiff wrote to DOCCS's Acting Commissioner Annucci about Burnett's failure to investigate Iccari and Story, but "there was only a wat[ered] down investigation." (*Id.*)

Plaintiff alleges that on or about October 22, 2021, Defendant Story informed Plaintiff that he "would have to fill out paperwork for a January 2022 parole board [proceeding]," despite Plaintiff having been granted a conditional-release date, and his having "been to court for [his] risk level." (*Id.*) Story told him that he would still have to go before the parole board "because of the way [his] sentence was structure[d]." (*Id.*) Story "knew all the time while she was talking to [Plaintiff, however,] that she was lying about the reason she gave for [Plaintiff] going before [the] parole board." (*Id.* at 6-7.) Plaintiff appeared before the parole board in January 2022, but "parole was denied again. . . ." (*Id.* at 7.) Story knew that having Plaintiff appear before the parole board "was the last way that she and [Iccari] could prolong [Plaintiff's confinement]." (*Id.*) "[S]he knew that the granting of [Plaintiff's] conditional release [date would] supersede any other parole board [decision]. Hereby, any request for interstate compact transfer[] would be suppress[ed] all over again." (*Id.*)

## DISCUSSION

**A.  Claims arising from the defendants' failure to release Plaintiff into postrelease supervision status on his conditional-release date**

The Court understands Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 against the defendants arising from their alleged failure to release Plaintiff into postrelease

4

supervision status on his conditional-release date. These claims are barred at this time, however, by the favorable-termination rule first articulated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> The Supreme Court of the United States has explained that, under this rule:
>
> a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . .") (footnote omitted). "[T]he purpose of the *Heck* favorable termination requirement is to prevent prisoners from using § 1983 to vitiate collaterally a judicial or administrative decision that affected the overall length of their confinement. . . ." *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006). "[P]unishments related to [a prisoner's] term of imprisonment, or the procedures that led to them (if the procedural defect at issue was critical to the imposition of the punishment), must be attacked through a habeas petition." *Id.*

Courts have held that claims under Section 1983 that challenge DOCCS officials' failure to release a DOCCS prisoner from incarceration on his conditional-release date challenge the validity of the prisoner's confinement or the duration of his confinement, and are subject to the *Heck* favorable-termination rule. *See, e.g.*, *Velazquez v. Gerbing*, No. 18-CV-8800, 2020 WL 777907, at *9 (S.D.N.Y. Feb. 18, 2020) ("To the extent Plaintiff argues that confinement beyond

5

his conditional release date constitutes cruel and unusual punishment under the Eighth Amendment, that claim is . . . barred by *Heck*."); *Rasheen v. Adner*, 356 F. Supp. 3d 222, 240 (N.D.N.Y. 2019); *D'Angelo v. Annucci*, No. 16-CV-6459, 2017 WL 6514692, at *7 (S.D.N.Y. Dec. 19, 2017) ("[T]he invalidity of [the plaintiff's] continued confinement beyond the date of his conditional release is 'necessarily impl[ied]' by this Action, and it is therefore barred under *Heck* and its progeny.") (citation omitted); *Ahlers v. Boruch*, No. 04-CV-1747, 2007 WL 2042794, at *4 (E.D.N.Y. July 16, 2007) ("[The plaintiff] challenges procedural defects that, by delaying his conditional release, left him in custody for longer than he would have been absent those procedures. . . . Accordingly, to the extent [the plaintiff] claims the duration of his confinement would have been shorter but for the defendant's imposition of an unconstitutional administrative procedure, the success of that challenge necessarily demonstrates the invalidity of his 'sentence' for *Heck* purposes.") (citations omitted).

Plaintiff cites Section 70.45(3) of the New York Penal Law as the legal authority upon which he should be released from incarceration. (*See* ECF 2, at 4, 10.) Under that statute:

> [t]he board of parole shall establish and impose conditions of post-release supervision in the same manner and to the same extent as it may establish and impose conditions in accordance with the executive law upon persons who are granted parole or conditional release; provided that, notwithstanding any other provision of law, the board of parole may impose as a condition of post-release supervision that for a period not exceeding six months immediately following release from the underlying term of imprisonment the person be transferred to and participate in the programs of a residential treatment facility as that term is defined in subdivision six of section two of the correction law. Upon release from the underlying term of imprisonment, the person shall be furnished with a written statement setting forth the conditions of post-release supervision in sufficient detail to provide for the person's conduct and supervision.

N.Y. Penal Law § 70.45(3). At least one court within this Circuit has held that the *Heck* favorable-termination rule specifically applies to a DOCCS prisoner's challenge to his continued incarceration due to DOCCS officials' failure to release him into postrelease supervision under

6

Section 70.45(3). *See Todd v. Fields*, No. 20-CV-3608, 2022 WL 596829, at *2, 4-6 (S.D.N.Y. Feb. 25, 2022).

Plaintiff asserts claims under Section 1983 arising from DOCCS officials' alleged failure to release him from incarceration on his conditional-release date and place him into postrelease-supervision status, in alleged violation of Section 70.45(3). He has alleged no facts, however, showing that his custody status has been somehow invalidated, including via a writ of *habeas corpus*, before bringing this action. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted, under the *Heck* favorable-termination rule, but without prejudice to reassertion of these claims after Plaintiff has been granted *habeas corpus* relief, or other relief, which would invalidate his incarceration after his conditional-release date. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Failure to properly investigate**

The Court must also dismiss any of Plaintiff's claims arising from Defendant Burnett's or Acting Commissioner Annucci's failure to properly investigate the alleged actions of Defendants Iccari and Story, or from Burnett or Annucci's failure to assist Plaintiff regarding any matters Plaintiff may have brought to their attention. Government officials generally have no federal constitutional duty to investigate or protect an individual against harm from others. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *e.g.*, *Reed v. Cummo*, No. 22-CV-0205, 2022 WL 580947, at *2 (E.D.N.Y. Feb. 25, 2022) ("'[T]here is no constitutional right to an adequate investigation' by the police and a 'failure to investigate is not independently cognizable as a stand-alone claim under Section 1983.'") (citation omitted); *Baltas v. Jones*, 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials.'") (citation omitted); *Bright v. Annucci*, No. 18-CV-11111, 2021 WL 4461682, at *16 (S.D.N.Y. Sept. 28,

2021) (same); *Brock v. City of New York*, No. 21-CV-3087, 2021 WL 4124157, at *3 (S.D.N.Y. Sept. 9, 2021) (same).

There are two recognized exceptions to this general rule: (1) "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200 ("The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – *e.g.,* food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause."); (2) when government officials affirmatively create or increase danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008).

Plaintiff has failed to allege any facts suggesting that either of these two exceptions is applicable here. Plaintiff, a prisoner, alleges no facts showing that prison officials did anything to jeopardize his safety or general well-being with respect to his basic human needs. *See DeShaney*, 489 U.S at 199-200. Plaintiff also alleges no facts showing that prison officials affirmatively created or increased a danger to him. *See Matican*, 524 F.3d at 155. The Court therefore dismisses Plaintiff's claims under Section 1983 against Burnett and Annucci, arising from their alleged failure to properly investigate the actions of Iccari and Story, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**C.     Mail tampering**

The Court liberally construes Plaintiff's allegations that Defendants Iccari and Story have interfered with mail sent to Plaintiff by members of his family as asserting claims under Section 1983 that those defendants violated Plaintiff's rights under the First Amendment by tampering

with his mail. A prisoner's rights under the First Amendment include the right to the free flow of incoming and outgoing mail. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).

To state a claim under Section 1983 arising from mail tampering by prison officials, a prisoner must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the courts or impaired his legal representation. *Id.* "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* As few as two incidents of mail tampering, however, may constitute a violation of First Amendment rights if indicative of regular and unjustifiable interference with a prisoner's mail. *Id.*; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts to suggest that Iccari and Story interfered with Plaintiff's mail in a manner that rises to the level of a constitutional violation. He does not allege facts to suggest that those defendants subjected him to regular and unjustifiable interference with his mail such that it became an ongoing practice of censorship unjustified by a substantial government interest or that those defendants impaired his access to the courts or legal representation in any way. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead these claims in an amended complaint in which he alleges facts sufficient to state a claim of mail tampering under Section 1983 against Iccari and/or Story.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims under Section 1983 against the defendants arising from their failure to release Plaintiff from incarceration on his conditional-release date without prejudice to Plaintiff's reasserting such claims after Plaintiff has been granted *habeas corpus* relief, or other relief, which would invalidate his incarceration after his conditional-release date. The Court grants Plaintiff leave to replead his claims of mail tampering under Section 1983 against Defendants Iccari and/or Story in amended complaint, which must be filed **within 30 days** of the date of this order. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 14, 2022
        New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                      Chief United States District Judge